# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **B.H. and R.S.**

**No. 24-22** (Greenbrier County CC-13-2023-JA-30 and CC-13-2023-JA-31)

## MEMORANDUM DECISION

Petitioner Mother A.H.[1] appeals the Circuit Court of Greenbrier County's December 23, 2023, order terminating her parental rights to the children, arguing that the court erred in accepting her voluntary relinquishment of her rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The DHS filed a petition in April 2023 based upon the petitioner's substance abuse and domestic violence in the home. According to the petition, after the DHS initiated its investigation, the petitioner left the state and took the children to Florida. After intervention by Florida child welfare personnel, the petitioner tested positive for marijuana, amphetamine, and methamphetamine. Despite testing positive for all three substances on two screens, the petitioner denied any substance abuse and claimed she had been drugged. After Florida personnel removed the children, they were returned to West Virginia upon a ratification of emergency custody. The petition also noted that the petitioner's parental rights to B.H. were previously terminated, only to later be reinstated upon a motion to modify that disposition made by the guardian months after the petitioner successfully completed a preadjudicatory improvement period in a separate case involving R.S.

---

[1] The petitioner appears by counsel Carrie F. DeHaven. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Kristen E. Ross. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Michael R. Whitt appears as the children's guardian ad litem ("guardian").

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

At an adjudicatory hearing in May 2023, the petitioner stipulated that her substance abuse resulted in her neglect of the children. Accordingly, the court adjudicated her of neglecting the children. The petitioner filed a motion for a post-adjudicatory improvement period, and the court granted the motion in June 2023. The terms and conditions of the improvement period required the petitioner to, among other things, complete substance abuse treatment, abstain from the use of drugs and alcohol, and be open and honest with the members of the multidisciplinary team ("MDT"). After initial compliance with the improvement period, the father of R.S. overdosed. The petitioner twice administered Narcan before contacting emergency personnel. Following the overdose, the petitioner failed to submit to drug screens as required.

In December 2023, the court proceeded with the final dispositional hearing for the petitioner. However, the petitioner requested an opportunity to speak to counsel shortly after the hearing began. After a recess, the petitioner tendered to the court a duly executed voluntary relinquishment of her parental rights to the children. The petitioner's counsel advised the court that the petitioner was aware of her right to a hearing and to counsel, understood the consequences of the relinquishment, and was aware of possible less drastic alternatives to termination of her parental rights. The court then inquired of the petitioner, who expressed her understanding of the relinquishment and its voluntariness. The court concluded that the petitioner's relinquishment was given knowingly, voluntarily, freely, and without fraud or duress. Accordingly, the court accepted the relinquishment and terminated the petitioner's parental rights to the children.[3] The petitioner appeals from the dispositional order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner appears to argue that the circuit court erred in accepting her voluntary relinquishment, although she fails to cite to any authority governing the acceptance of relinquishments or otherwise set forth a basis upon which she believes the court erred. Instead, the petitioner simply alleges that she voluntarily relinquished her rights because "she did not have the support of the" MDT and "she was scared to have a dispositional hearing and potentially lose all contact to her children." These arguments do not entitle the petitioner to relief, given that the court complied with Rule 35(a)(3) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings governing voluntary relinquishments. In order to accept a voluntary relinquishment of parental rights, that rule requires a circuit court to "determine whether the parent fully understands the consequences of a termination of parental rights, is aware of possible less drastic alternatives than termination, and was informed of the right to a hearing and to representation by counsel." The circuit court's dispositional order fully addressed these concerns, and the petitioner fails to challenge any specifics of the order on appeal.

Further, the petitioner's argument concerning her fear over the possible outcome of a contested dispositional hearing does not entitle her to relief. Critically, the petitioner does not allege she was under duress of any kind, other than to allege that she feared of the outcome of the hearing. Even if she had alleged duress, we have explained that "the threshold for establishing

_____

[3] The fathers' parental rights were also terminated. The permanency plan for the children is adoption in the current placement.

duress and fraud in the context of the relinquishment of parental rights is extremely high." *In re Cesar L.*, 221 W. Va. 249, 261, 654 S.E.2d 373, 385 (2007) (quoting *State ex rel. Rose L. v. Pancake*, 209 W. Va. 188, 192, 544 S.E.2d 403, 407 (2001) (Davis, J., concurring)). In applying past discussions of duress in the context of adoptions to abuse and neglect proceedings, the Court went on to stress that "duress 'means a condition that exists when a natural parent is induced by the unlawful or unconscionable act of another to consent to the adoption of his or her child. Mere "duress of circumstance" does not constitute duress[.]'" *Id.* By relying on the MDT's lack of support and her concerns over a contested dispositional hearing, the petitioner is essentially arguing duress of circumstances. This is simply insufficient to entitle her to relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 23, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: January 29, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV